IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL M. MILLER, | : Civ. No. 4:25-CV-810 |
| Plaintiff, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| PHILIP E. SAVIDGE, et al., | : |
| Defendants. | : |

MEMORANDUM OPINION

I. Introduction

This case comes before us for consideration of a motion to dismiss filed by Defendants Philip Savidge and John Doe Officers.[1] The *pro se* plaintiff, Paul Miller, filed this action against the defendants on May 8, 2025, alleging an illegal search in violation of the Fourth Amendment.[2]

On May 7, 2023, Miller alleges he was riding his motorcycle when he was pulled over by defendants Savidge and John Doe for an expired

---

[1] Doc. 15.
[2] Doc. 1.

registration.[3] Due to Miller's active warrants, the defendants placed him into custody and a third officer arrived on scene.[4]

Miller claims that once he was placed in the patrol car, the defendants collectively conducted a search of his motorcycle without obtaining a warrant or consent.[5] The search uncovered a black sock stuffed inside the body of the motorcycle, which contained drug paraphernalia.[6] As a result, Miller was charged for possession of drug paraphernalia to which he pleaded guilty in October of 2023 and was sentenced to one to two months of incarceration.[7] He now brings this action against the defendants seeking an unidentified amount of compensatory and punitive damages.[8]

On October 22, 2025, the defendants filed a motion to dismiss, arguing, *inter alia*, that Miller's complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) because it is barred by *Heck v.*

---

[3] *Id.* at 4.

[4] *Id.* at 4–5.

[5] *Id.* at 5.

[6] *Id.*

[7] Doc. 1 at 5; *see also Commonwealth v. Miller*, CP-47-CR-0000096-2023.

[8] Doc. 1 at 7.

*Humphrey*, 512 U.S. 477 (1994).[9] On November 12, 2025, Miller filed a brief in opposition to the motion to dismiss, alleging his complaint states sufficient facts to set forth a Fourth Amendment violation.[10] The defendants failed to file a reply to Miller's brief in opposition.

After consideration, we conclude that the plaintiff's claim against the defendants fails as a matter of law. Accordingly, we will grant the defendants' motion to dismiss.

## II. Discussion

### A. Motion to Dismiss – Standard of Review

The defendants have filed motions to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted.[11] Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."[12]

---

[9] Docs. 15–16.
[10] Doc. 17.
[11] Fed. R. Civ. P. 12(b)(6).
[12] Fed. R. Civ. P. 8(a)(2).

3

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant."[13] However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action."[14]

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 129 S. Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

---

[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

[14] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*[15]

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record.[16] A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."[17] Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination.[18] However, the court may not rely on any other part of the record when deciding a motion to dismiss.[19]

---

[15] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

[16] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

[17] *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[18] *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

[19] *Jordan*, 20 F.3d at 1261.

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'"[20] We must apply the relevant law even if the *pro se* plaintiff does not mention it by name.[21]

### B. <u>The Defendants' Motion to Dismiss will be Granted.</u>

The defendants filed a motion to dismiss, arguing that Miller's claims are barred by *Heck*.[22] After consideration, we will grant the motion.

It is well established that "[n]o cause of action exists under § 1983 for 'harm caused by actions whose unlawfulness would render a conviction or sentence invalid' or would 'necessarily imply the invalidity of the conviction, unless the conviction or sentence has been reversed, vacated, expunged, or otherwise favorably terminated."[23] Accordingly, a plaintiff may not bring an action under § 1983 based on "alleged

---

[20] *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)).

[21] *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

[22] Doc. 11 at 4.

[23] *Ortiz v. New Jersey State Police*, 747 F. App'x 73, 77 (3d Cir. 2018) (quoting *Heck*, 512 U.S. at 486).

unconstitutional conduct that would invalidate" his underlying conviction.[24] The Third Circuit has established that a guilty plea is sufficient to preclude a subsequent § 1983 claim.[25]

Here, the state court docket reveals that Miller pleaded guilty to possession of drug paraphernalia and was sentenced to a period of incarceration of one to two months.[26] Additionally, Miller concedes that the contents seized from the alleged illegal search are directly tied to the basis of his criminal conviction.[27] Accordingly, any damages claim Miller brings challenging that proceeding would "necessarily imply the invalidity of the conviction[.]"[28] Thus, Miller's claim is *Heck*-barred and will be dismissed.

---

[24] *Grier v. Klem*, 591 F.3d 672, 677 (3d Cir. 2010).

[25] *Gilles v. Davis*, 427 F.3d 197, 209 n. 8 (3d Cir. 2005).

[26] *Commonwealth v. Miller*, CP-47-CR-0000096-2023.

[27] Doc. 1 at 5.

[28] *Heck*, 512 U.S. at 486.

## III. <u>Conclusion</u>

For the foregoing reasons, the defendants' motion to dismiss is GRANTED.

An appropriate order follows.

<u>*s/ Daryl F. Bloom*</u>
Daryl F. Bloom
Chief United States Magistrate Judge
